UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
        -against-                                           :
                                                            :    08 CR. 243 (KMK)
CONSTANCE G. POST and                                       :
WAYNE CHARLES,                                              :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------X

# DEFENDANTS' REPLY MEMORANDUM
# REGARDING THE TIMELINESS OF
# THEIR POST-TRIAL MOTIONS

This memorandum is submitted on behalf of the defendants Constance G. Post and Wayne Charles in reply to the government's objection to the timeliness of their Rule 29 and 33 post-trial motions. For the reasons stated below, the government's objection is without merit.

## STATEMENT OF FACTS

After a trial lasting several weeks, the jury returned verdicts of guilty against the defendants on March 31, 2009. Both defendants were convicted of Conspiracy to Commit Mail Fraud and Mail Fraud and Charles also was convicted of a False Statement charge. After the jury was discharged, the following colloquy took place:

1

> THE COURT: . . . What do we need to take up?
>
> MS. DUNNE: Just have to, if there's going to be motions, set a schedule for that. We don't have any bail application at this time, I don't think, so just set a sentencing date and motion schedule date if there are going to be motions.
>
> THE COURT: Okay. What's counsel's pleasure with respect to post-trial motions?
>
> MR. LEVITT: <u>I think, just to be safe and to avoid problems with the time limitations, I would ask, I don't know, that - - there will be post-trial motions. I would simply ask that they be deemed made at this time, and then we can set a schedule for further explication of those motions, but have them being made just to avoid the time issues</u>.
>
> THE COURT: <u>I'm happy to deem the motions to be made and set a tentative briefing schedule if you want to do that</u>.
>
> MR. LEVITT: Sure, that's fine.
>
> THE COURT: So, again, tell me what you want. <u>I'm not looking to make artificial deadlines for anybody here</u>.
>
> MR. LEVITT: Sure. Let's have a four-week briefing schedule.
>
> THE COURT: Okay. So that would mean, then, that post-trial motions would be due April 30th. Government response by?
>
> MS. DUNNE: If we could get three weeks.
>
> THE COURT: Okay. May 21. And should we say two weeks for reply?
>
> MR. LEVITT: Okay.
>
> THE COURT: June 4.

(3/31/09 Tr. at 15-16) (Emphasis added). A date for sentencing and the defendants continuing bail status were then discussed.

Thereafter, the initial disclosure of the pre-sentence report was distributed to the parties and Charles' former counsel filed objections to it in a letter dated October 27, 2009. On November 12, 2009, both defendants appeared before the Court having retained new counsel. As a result of a Curcio issue, the status of Post's new counsel was not finalized until December 3, 2009. He filed Post's objections to the pre-sentence report in a letter to the Probation Officer dated December 23, 2009, and Charles' new counsel submitted additional objections to the pre-sentence report in a letter dated January 20, 2010.

On January 12, 2010, Post and Charles filed a joint motion pursuant to Rule 12(b)(3), based upon their argument that the "honest services" fraud statute (18 U.S.C. § 1346) is unconstitutional and the convictions based on that statute cannot stand. In view of the pendency of three cases before the United States Supreme Court concerning the "honest services" statute, the defendants requested that their motion be held in abeyance until the Supreme Court issues its decision and the Court has granted that request. Defendants' motion papers addressed the issue of the timeliness of the motion and specifically referred to the March 31, 2009, proceeding and the fact that post-trial motions had been "deemed made." A cover letter accompanying that motion advised the Court that the defendants intended to file motions under Rule 29 and 33 and asked for a scheduling conference.

On January 22, 2010, Post and Charles filed joint post-trial motions pursuant to Rules 29 and 33. At a conference on January 25, 2010, defense counsel pointed out that post-trial motions had been "deemed made" at the time of the verdicts and noted that fact appeared in the very first paragraph of their Rule 29 and 33 motion papers. The government now has submitted a memorandum in opposition to these motions arguing that the motions are untimely.

3

# ARGUMENT

## THE DEFENDANTS' MOTIONS ARE TIMELY AND SHOULD BE CONSIDERED BY THE COURT.

As the defendants have pointed out twice in their motions and once orally in open court, post-trial motions were deemed made at the time the verdicts were returned. Nevertheless, the government presses its argument that the motions are untimely while ignoring this crucial fact.[1] Given the number of times this fact has been brought to the government's attention, it is fair to conclude that the prosecutors have no answer to it.

The record is clear that the Court agreed "to deem the motions to be made" at the time the verdicts were returned. The Court then set what it termed a "tentative briefing schedule" but added that "I'm not looking to make artificial deadlines for anybody here." Dates were set for the briefs, but those dates passed without briefs being submitted. The briefs ultimately were submitted soon after new counsel for the defendants entered their appearance in the case.

The government argues that the Court should not consider defendants' post-trial motions in part because the failure "to timely make post-trial motions clearly was a tactical decision of counsel and the defendants." Gov't Opp. at 4. However, there was no such tactical decision; the defendants always wanted post trial motions to be pursued and made their interest in such motions an integral factor in seeking new counsel. The government does not suggest what tactic would be advanced by not pursuing any post-trial motions and none is apparent, certainly none that is "clearly" so. It is more likely that, since the motions were deemed made, the briefing

---

[1] The government also ignored this fact in its opposition to the defendants' "honest services" motion and its argument that that motion too was untimely.

schedule was viewed as tentative and, at some point, the briefs were left to successor counsel to pursue.

In deeming the motions made, the Court agreed to treat them as if they had been made. See Black's Law Dictionary, Fourth Edition. In United States v. Vergara, 62 F.Supp.2d 1108, 1116 (S.D.N.Y. 1999), the court determined that the government was obligated under the terms of a plea agreement to make a motion on the defendant's behalf to permit the court to impose a lesser sentence. The court stated it would "not require the government to go through the formality of making the motion which I have concluded it is obligated to make. That motion is deemed made, and I will sentence Vergara accordingly." Similarly, in Meriwether v. Coughlin, 879 F.2d 1037, 1040-1041 (2d Cir. 1989), the Second Circuit found that a motion for judgment notwithstanding the verdict was timely made, thus alleviating any jurisdictional bar to the motion, when the lawyer said that he "wish[ed] to move" for a such relief. In the eyes of the law, the motion in both Vergara and Meriwether having been deemed made, it was for all intents and purposes made, and the court in each case could proceed accordingly. In the present case, the defendants' post-trial motions were deemed made on March 31, 2009, and are properly viewed as if they were made as of that date. Therefore, the motions having been made on March 31, 2009, they are not untimely.

This crucial fact separates the present case from the decisions cited by the government in its opposition. Eberhart v. United States, 546 U.S. 12 (2005), United States v. Owen, 559 F.3d 82 (2d Cir. 2009), and United States v. Robinson, 430 F.3d 537 (2d Cir. 2005) did not involve circumstances where the motion had been made or deemed made within the time limits set forth in Rules 29 and 33. Rather, those cases involved motions made after the limits had expired and

whether the motions could be considered.[2] In the present case, by contrast, the motions were made, because they were deemed made, within the time limits set forth in the Rules.

Thus, the motions in the present case were timely made. To be sure, the briefs were submitted later than the dates originally set by the Court for the briefs. It does not seem those dates were meant to be rigid and the government does not suggest any prejudice or even any inconvenience it will suffer if the Court considers the motions, particularly in view of the current schedule. As noted above, the motions were deemed made within the time limits of the rules and the briefs were submitted soon after new counsel entered the case and had an opportunity to review the lengthy trial record and many of the trial exhibits.[3]

---

[2] Eberhart announced that the time limits in these rules are not jurisdictional but rather "claim processing rules." In addition, the 2005 amendments to these rules introduced more flexibility by permitting the court to grant an extension after the time limit has expired on its own or upon a motion showing "excusable neglect."

[3] Prior counsel has failed to provide to new counsel some 28 of the admitted government exhibits or any of the admitted defendants' exhibits. We have asked the government to provide us with copies of at least the defendants' trial exhibits.

# CONCLUSION

For the foregoing reasons, the Rule 29 and 33 motions submitted by the defendants are timely and should be considered by the Court.

DATED:   White Plains, New York
         February 25, 2010

>                    Respectfully submitted,
>
>                    BRICCETTI, CALHOUN & LAWRENCE, LLP
>
> BY: s/
>     CLINTON W. CALHOUN, III, ESQ.
>     81 Main Street, Suite 450
>     White Plains, New York 10601
>     (914) 946-5900
>
>     *Attorneys for Defendant-Constance Post*
>
>
>     GREEN & WILLSTATTER
>
> BY: s/
>     RICHARD D. WILLSTATTER, ESQ.
>     GÖNÜL AKSOY, ESQ.
>     200 Mamaroneck Avenue, Suite 605
>     White Plains, New York 10601
>     (914) 948-5656
>
>     *Attorneys for Defendant-Wayne Charles*