USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES,

-v-

CONSTANCE G. POST and WAYNE CHARLES,

Defendants.

Case No. 08-CR-243 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

Defendants Constance G. Post ("Post"), and Wayne Charles ("Charles") were convicted on March 31, 2009 of conspiracy to commit mail fraud and mail fraud, and Charles was also convicted of making false statements. On January 10, 2010, Defendants jointly submitted a memorandum of law in support of their motion to dismiss Counts One (conspiracy) and Two (mail fraud) on the grounds that the statute under which Defendants were convicted was unconstitutional. (Mot. for Dismissal of Counts One & Two and for a New Trial on Count 3 Pursuant to Fed. R. Crim. P. 12(b)(3)(B) ("First Joint Mot.") 6-7.) Charles also moved for a new trial on Count 3 (false statements). (*Id.* at 8-9.) The Court stayed the First Joint Motion until further order of the Court pending action by the Supreme Court. (Order (Jan. 25, 2010).) On January 22, 2010, Defendants separately moved for the Court to set aside the verdict or order a new trial because of alleged deficiencies in the Indictment, and also due to alleged deficiencies in the jury instructions and ineffective assistance of counsel. (Defs.' Post-Trial Mots. ("Second Joint Mot.") 2, 10.) At a conference on January 25, 2010, the Court instructed the Government to brief the issue of the timeliness of the Second Joint Motion, which has now been done.

The Government's argument rests on the rigidity of the Rule 29 and 33 time limits.

(Gov.'s Mem. in Opp'n to Mot. to Dismiss and/or to Stay ("Gov.'s Mem.") 3-4.) There is no dispute that the time limits created by those Rules came and went before Defendants filed any motion papers. *See* Fed. R. Crim. P. 29(c)(1) ("A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."); Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."); *Eberhart v. United States*, 546 U.S. 12, 13 (2005) (per curiam) (stating that the Rule 33 "deadline is rigid"); *United States v. Robinson*, 430 F.3d 537, 541 (2d Cir. 2005) (noting the rigidity of the deadlines contained in Rules 29 and 33); *but see Eberhart*, 546 U.S. at 13 (noting that the rigidity of the time limit is not a jurisdictional bar); *Robinson*, 430 F.3d at 542 ("[E]ven the strictest claim-processing rules are subject to forfeiture . . . .").

Defendants do not take issue with this statement of the law, but argue that the motions were made within the required time frame, even if the motion papers were not filed within that time frame. (Defs.' Reply Mem. Regarding the Timeliness of Their Post-Trial Mots. ("Defs.' Reply Mem.") 4-6.) To support their argument, Defendants point to the Transcript of March 31, 2009, in which the following colloquy occurred:

> THE COURT: Okay. What's counsel's pleasure with respect to post-trial motions?
>
> MR. LEVITT: I think, just to be safe and to avoid problems with time limitations, I would ask, I don't know, that -- there will be post-trial motions. I would simply ask that they be deemed made at this time, and then we can set a schedule for further explication of those motions, but have them being made just to avoid time issues.
>
> THE COURT: I'm happy to deem the motions to be made and set a tentative briefing schedule if you want to do that.

2

MR. LEVITT: Sure. That's fine.

THE COURT: So, again, tell me what you want. I'm not looking to make artificial deadlines for anybody here.

MR. LEVITT: Sure. Let's have a four-week briefing schedule.

THE COURT: Okay.

(Trial Tr. 15-16 (Mar. 31, 2009).) Defendants' argument, therefore, is that the motions were made on March 31, 2009, well within the time frame required by Rules 29 and 33, and that the only deadlines that Defendants missed were the Court's, which Defendants, quoting the Court, characterize as "tentative." (Defs.' Reply Mem. 5-6.) Of course, Defendants' argument must be correct. First, there is no other meaning of "deem the motions to be made" of which the Court is aware, and, second, if the Court had not meant to deem the motions made, then it could not have agreed to a four-week briefing schedule, as that would have violated the time limits established by Rules 29 and 33.

The only issue, therefore, is whether Defendants' failure to comport with the schedule established by the Court is grounds for denying the Second Joint Motion as untimely. The Court holds that it is not. First, the Government does not brief this issue, nor does it present any evidence or even suggest that it will be prejudiced in any way by the Court considering the Second Joint Motion. Second, there is no allegation of bad faith on Defendants' part. Third, though the Government argues that Defendants' previous counsel made strategic decisions not to pursue post-trial motions, the Government provides no theory as to what strategy such a decision could advance, and the Court is at a loss to come up with one. (Gov.'s Mem. 3-4.) Fourth, Defendants made their motions within a reasonable time frame after obtaining new counsel.

3

Finally, the Government does not argue that the Court was without authority to deem the motions made, nor would such an argument be correct. *See* Fed. R. Crim. P. 45(b)(1) (granting the Court discretionary power to extend time limits contained within the Rules).

Therefore, the Court will consider the Second Joint Motion. The Court also adopts the following scheduling order: the Government shall file opposition papers addressing the substance of the Second Joint Motion by March 31, 2010. Defendants may file reply papers by April 14, 2010.

SO ORDERED.

Dated:   March 4, 2010
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE