**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

**MEMO ENDORSED**

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 19, 2016

**BY HAND & ECF**
The Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:  *United States v. Constance G. Post*, 08 Cr. 243 (KMK)

Dear Judge Karas:

The Government respectfully submits this letter in response to defense counsel's letter of September 10, 2016 regarding our motion for a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982). In his letter, Mr. Tanner argues that no potential conflict of interest exists in his representation of Ms. Post and, therefore, opposes the Government's request for a hearing.

As we described in our September 8, 2016 letter motion, Mr. Tanner is the victim/complainant in a cyberstalking case that he first brought to this Office's attention in or about February 2016. The defendant in that case, a former client of Mr. Tanner, was arrested and charged in a complaint on September 8, 2016.

To be clear, the Government by its motion for a hearing is not seeking to disqualify Mr. Tanner from representing Ms. Post. Nor do we believe that he has attempted to curry favor with this Office to date or would likely do so in the future to the detriment of Ms. Post. The Government's sole concern in filing this motion is to ensure Ms. Post's right to conflict free representation. In our view, the notion that counsel could hypothetically try to curry favor because of his status as a victim/complainant in a pending criminal case prosecuted by this Office suggests the possibility of a conflict of interest requiring an inquiry of Ms. Post by the Court.

Counsel's principal argument in opposition to a *Curcio* hearing -- that there is not even a "hypothetical" conflict of interest because he had no role in the decision whether to prosecute the cyber stalking case that he brought to this Office nor does he have a role in the manner in which this Office chooses to prosecute that case -- is not entirely true. While Mr. Tanner is correct that the Government ultimately decides how to proceed in a case, he is incorrect in stating that he has "no influence whatever in the decision whether or not to prosecute or in the manner in which [the Government does] so." *See* Sept. 10, 2016 letter at 2. Section 3771 of Title 18 of the United States Code -- the Crime Victims' Rights statute – provides crime victims, such as Mr. Tanner, with various rights. Among those rights are the "reasonable right to confer with the attorney for the

Government in [his] case[,]" "the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding[,]" and "[t]he right to be informed in a timely manner of any plea bargain or deferred prosecution agreement." 18 U.S.C. § 3771(a)(4),(5), & (9). By virtue of these rights, a victim, can influence or, at the very least, try to influence how a case is handled. A victim has the right to confer with the government attorney on important matters in a case, including whether a deferred prosecution agreement or plea agreement should be offered and what position the Government should take at sentencing. With these rights, including the right to confer with the Government attorney and to be heard at certain public proceedings in the district court, it simply cannot be said, as counsel does here, that a victim has no influence in how a case is handled.

Counsel correctly argues that the cases we cite in our motion involve very different facts than exist in this case. Concededly, the factual scenario here is unusual. The cases we cite in our motion involve typical *Curcio* situations, including (1) when an attorney representing a defendant in a criminal proceeding is charged with or under investigation for a crime; (2) when an attorney represents two defendants in the same criminal proceeding, and (3) when an attorney whose representation of a defendant is impaired by loyalty owed to a former client. In our research, we have not found a *Curcio* case with similar facts to this case, where an attorney representing a defendant in a case was also the victim/complaint in an unrelated case being prosecuted by the same prosecutorial agency.

Nevertheless, in our view, the facts here suggest an appearance of a potential conflict of interest that warrants some form of inquiry of Ms. Post. For that reason, if the Court is not inclined to make a full Curcio inquiry similar to the one in the script provided with our motion, we submit that it would be prudent for the Court to at least make a limited inquiry in which the Court asks Ms. Post (1) whether she is aware that Mr. Tanner is the victim/complainant in a criminal case being prosecuted by the United States Attorney's Office for the Southern District of New York, the same office that has been prosecuting her case; (2) whether she is aware that the case concerns cyber stalking of Mr. Tanner by a former client of his; (3) whether she is aware that, in addition to being the victim in that case, Mr. Tanner may be required to testify as a Government witness for the U.S. Attorney's Office should that case go to trial; (4) whether she understands that the cyber stalking case is totally unrelated to her case and that case has nothing to do with her case; (5) whether she understands that, hypothetically, a lawyer in Mr. Tanner's position might conceivably be tempted to do something that might not be in her interests in her case in order to gain favor with the Government, in the prosecution of the cyber stalking

case in which he is the victim; and (6) whether she has any reservations about Mr. Tanner's continued representation of her in light of that case.

> Very truly yours,
>
> PREET BHARARA
> United States Attorney
>
> by: s/Andrew S. Dember
> Andrew S. Dember
> Assistant United States Attorney
> (212) 637-2563

cc: Howard E. Tanner, Esq. (by ECF)
    Stephen R. Lewis, Esq. (by ECF)

*[Handwritten note:]* The Court will hold a conference on October 6, 2016, at 11:30, to discuss the issues raised by the prosecution of a former client of Mr. Tanner's.

So Ordered.

KMK
9/20/16